UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-62095 -BLOOM/Hunt

LAWANNA TYNES,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
JUVENILE JUSTICE,

    Defendant.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendant Florida Department of Juvenile Justice's (FDJJ) Motion to Strike Plaintiff's 42 U.S.C. § 1981 Claims and Count III From Plaintiff's Complaint ("Motion"), ECF No. [8]. Plaintiff Lawanna Tynes filed a Response, ECF No. [10], but Defendant did not file a Reply. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, FDJJ's Motion is granted.

**I.   BACKGROUND**

This matter arises from an employment dispute between Tynes and FDJJ. Tynes was previously discharged from her job at FDJJ as a Detention Superintendent in December 2015. ECF No. [1] at 3. However, after a jury found that FDJJ "had discriminated against [ ] Tynes based on sex and race when it discharged her," the trial court entered a Final Judgment ordering FDJJ to reinstate Tynes to a similar position outside of the detention center and outside the supervision of Assistant Secretary Dixie Fosler. *Id.* On November 4, 2021, Tynes was allegedly reinstated as a "new hire" and is now employed as a Juvenile Probation Officer Supervisor at FDJJ—a position she claims is at a lower pay grade than her previous position as a Detention Superintendent. *Id.*

Since being reinstated, Tynes claims she has experienced retaliation because of her reinstatement and other protected activities, a hostile work environment, and that she has been subject to harassment due to her sex and race. *See id.* at 4. As a result, Tynes filed a Complaint on November 5, 2024, asserting that the action [is] brought pursuant to the discrimination and anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3(a), which forbids employers from retaliating or taking adverse personnel action against employees who exercise their lawfully protected rights under Title VII, and 42 U.S.C. § 1981." *Id.* at 1. The Complaint asserts three claims: Hostile Work Environment in violation of Title VII, 42 U.S.C. § 2000e-2(a) (Count I); Retaliation against Tynes for Engaging in Protected Conduct/Activity in violation of Title VII, 42 U.S.C. § 2000e-3(a) (Count II); and Harassment against Tynes for Engaging in Protected Conduct/Activity in Violation of Title VII, 42 U.S.C. § 2000e-3(a) (Count III). *Id.* at 6-8. Relevant for the purposes of the instant Motion are Counts I and III of the Complaint.

In Count I, the Hostile Work Environment claim, Tynes alleges FDJJ "subjected [her] to a hostile work environment [based on her race and sex] in violation of Title VII which prohibits race and sex discrimination and prohibits hostile work environment against [Tynes] and individuals who engage in Title VII protected conduct/activity, including but not limited to filing a complaint or participating in an investigation." ECF No. [1] at 6. Count I further asserts that FDJJ practices have deprived her "of equal employment opportunities because of her race and sex." *Id.*

In Count III, the Harassment claim, Tynes alleges FDJJ "subjected [her] to harassment based on her race and sex[.]" *Id.* at 8.[1] "The effect of the practices . . . has been to deprive [Tynes] of equal employment opportunities because of her race and sex." *Id.*

---

[1] Tynes further states that FDJJ "harassed [her] in violation of Title VII, which prohibits race and sex discrimination and prohibits harassment against [Tynes] and individuals who engage in Title VII protected

After Tynes filed her Complaint, FDJJ filed the instant Motion and argues that Tynes' 42 U.S.C. § 1981 claims must be stricken because the Eleventh Amendment provides FDJJ immunity from such claims. *See id.* at 3. Additionally, FDJJ contends that Count III should be stricken as redundant to her Hostile Work Environment claim. *Id.* at 4. According to FDJJ, to prove she was subject to a hostile work environment, Tynes necessarily must prove she was subject to harassment, the harassment was based on her status as a protected class member, and the harassment affected her employment. *See id.* Therefore, since Tynes must prove harassment to establish a *prima facie* hostile work environment claim, FDJJ contends the Harassment claim in Count III is redundant and must be stricken. *See id.*

Tynes responds that to the extent she brought any § 1981 claims,[2] those claims are not viable in the instant action and therefore she does not object to the dismissal of her 42 U.S.C. § 1981 claims. ECF No. [10] at 1. However, Tynes disagrees with the dismissal of Count III and contends that her Hostile Work Environment and Harassment claims are distinct and viable causes of actions under Title VII. *See id.* at 1-2. Therefore, Tynes maintains that her Harassment claim should not be stricken. *See id.*

## II. LEGAL STANDARD

### A. Motion to Strike—Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v.*

---

conduct/activity, including but not limited to filing a complaint or participating in an investigation. ECF No. [1] at 8.

[2] The Court questions whether Tynes, in fact, brought any § 1981 claims. However, because both parties agree that any such claims should be dismissed, the Court need not resolve that issue here.

*Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). While the "ability to strike is considered to be drastic and is often disfavored," a motion to strike should be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *United States Commodity Futures Trading Comm'n v. Mintco, LLC*, No. 15-CV-61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016); *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).

### III.  DISCUSSION

As noted above, the parties agree that Tynes may not bring any claims under 42 U.S.C. § 1981 as such claims against FDJJ are barred by Eleventh Amendment sovereign immunity. *See* ECF Nos. [8], [10]. Although it is unclear whether Tynes asserted any § 1981 claims in her Complaint, given the agreement, the Court will strike any claims to the extent Tynes has brought them under § 1981. Thus, the only real issue in contention is whether Tynes' Harassment claim in Count III must be stricken as redundant.

FDJJ contends that "[i]n order to establish a prima facie hostile work environment claim under Title VII, 'the aggrieved [p]laintiff must show (1) that she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on h[er] status as protected class member; and (4) the harassment affected a term or condition or privilege of his employment.'" ECF No [8] at 4 (quoting *Williams v. Perry Slingsby Sys. Inc. Technip Group*, No. 08-81076, 2008 WL 11333634, at *2 n.1 (S.D. Fla. Oct. 15, 2008)). Therefore, given that Tynes must necessarily establish that she was subject to harassment because of her protected status and that the harassment affected her employment for her Hostile Work Environment claim, Tynes' Harassment claim is redundant as it would require Tynes to prove the same elements.

4

Tynes disagrees, arguing that her Hostile Work Environment claim and Harassment claim "are separate and distinct, requiring separate elements of proof." ECF No [10] at 1-2. However, Tynes offers little, if any, explanation as to why her claims are distinguishable. Indeed, Tynes' Response fails to even set forth the elements of the two causes of action. *See generally id.*

The Court finds that Tynes' Hostile Work Environment claim and her Harassment claim are redundant. When a plaintiff seeks to assert a claim that he or she has been subject to non-*quid pro quo* workplace harassment, whether it is based on the plaintiff's sex or race,[3] the cause of action the plaintiff may bring under Title VII is a hostile work environment claim. *See Smelter v. Southern Home Care Serv. Inc.*, 904 F.3d 1276, 1284 (11th Cir. 2018); *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1255-57 (11th Cir. 2003). As FDJJ correctly points out, to establish a *prima facie* case for a hostile work environment claim, a plaintiff must establish "(1) that she belongs to a protected group, (2) that she was subjected to unwelcome racial or gender harassment, (3) that the harassment was based on her race [or] gender, (4) that the harassment 'was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment,' and (5) that there is a basis for holding Defendant liable." *Anderson v Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1318 (N.D. Ga. 2009) (quoting *Ferguson v. Ga. Dept. of Corrs.*, 428 F. Supp. 2d 1339, 1357 (M.D.Ga.2006)).[4] The focus of a hostile work

---

[3] "Hostile work environment claims based on racial harassment are reviewed under the same standard as those based on sexual harassment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 n. 10 (2002) (citing *Faragher v. Boca Raton*, 524 U.S. 775, 786–787, and n. 1 (1998); *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 66–67 (1986).

[4] *See also Smelter*, 904 F.3d at 1284 (explaining "when the employee's harassment claim is based on her race, she must prove five elements: (1) she belongs to a protected class, (2) she was subjected to unwelcome harassment, (3) the harassment was based on her race, (4) the harassment was sufficiently severe or pervasive to alter the terms of her employment and create a discriminatorily abusive working environment, and (5) the employer is responsible for the environment under a theory of vicarious or direct liability."); *Watson*, 324 F.3d at 1257 ("To establish a prima facie case of hostile work environment sexual harassment, [Plaintiff] must show: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome

5

environment claim is whether the plaintiff experienced harassment based on his or her protected status. Thus, there is nothing Tynes would need to prove differently to establish her Harassment claim in Count III that she would not have to prove to establish her Hostile Work Environment claim in Count I.

Indeed, the terms *hostile work environment* and *harassment* are so redundant that in *Smelter*, the Eleventh Circuit used the terms interchangeably when describing a hostile work environment claim:

> To prove a **hostile work environment claim**, an employee must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (citation and internal quotation marks omitted). When the employee's **harassment claim** is based on her race, she must prove five elements: (1) she belongs to a protected class, (2) she was subjected to unwelcome harassment, (3) the harassment was based on her race, (4) the harassment was sufficiently severe or pervasive to alter the terms of her employment and create a discriminatorily abusive working environment, and (5) the employer is responsible for the environment under a theory of vicarious or direct liability.

904 F.3d. at 1286.

Tynes fails to provide any case law that distinguishes the elements of a hostile work environment claim from a claim of harassment. Instead, to try and prove her claims are distinct, Tynes points to several sexual harassment decisions that are inapposite here.[5] In those cases, the courts explained there are two theories of liability for sexual harassment—*quid pro quo* sexual

---

sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment "was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment"; and (5) a basis for holding the employer liable.").

[5] Plaintiff's Response is largely incomprehensible and cites to a series of cases while failing to explain the significance of those cases or how each demonstrates that hostile work environment and harassment are distinct causes of action. *See generally* ECF No. [10].

harassment and hostile work environment sexual harassment.[6] "*Quid pro quo* sexual harassment sexual harassment occurs when an employer alters an employee's job conditions as a result of the employee's refusal to submit to sexual demands" whereas "[h]ostile environment sexual harassment occurs when an employer's conduct 'has the purpose or effect of unreasonably interfering with an individuals' work performance or creating an intimidating, hostile, or offensive environment.'" *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1315 (11th Cir. 1989) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986) (internal citations and quotations omitted); *Henson v. City of Dundee*, 682 F.2d 897, 904, 908 (11th Cir. 1982); 29 C.F.R. § 1604.11(a)(1–2) (1987)). Tynes' Complaint does not allege that she was subjected to anything approaching *quid pro quo* sexual harassment. *See generally* ECF No. [1]. The Complaint fails to even suggest someone at FDJJ made a sexual advance towards Tynes, let alone that her job conditions were altered as a result. *Id.* Therefore, Tynes' claim of Harassment in Count III necessarily relies on a hostile work environment theory of liability—the same theory of liability she relies upon in Count I. As such, Tynes' claims in Count I and Count III are redundant Hostile Work Environment claims, and thus, one must be stricken from the Complaint.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. FDJJ's Motion to Strike**, ECF No. [8]** is **GRANTED**.

2. Any claims under 42 U.S.C. § 1981 are **STRICKEN** from the Complaint.

---

[6] *See e.g.*, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (acknowledging that hostile work environment harassment not just *quid pro quo* harassment is a basis for bringing a sexual harassment claim under Title VII); *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57 (1986) (same); *Faragher v. City of Boca Raton*, 524 U.S. 775, 785-86, 803 (1998) (same but discussing supervisor liability in the context of a hostile environment harassment claim); *Rabidue v. Osceola Ref. Co., a Div. of Texas-Am. Petrochemicals*, 805 F.2d 611, 618 (6th Cir. 1986) (same); *Hunter v. Allis-Chalmers Corp., Engine Div.*, 797 F.2d 1417, 1421–22 (7th Cir. 1986) (same). Again, to the extent Tynes is citing to these cases for any other purpose, the Court is unable to discern her argument.

Case No. 24-cv-62095 -BLOOM/Hunt

3. Count III, the Harassment claim, is **STRICKEN** from the Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 12, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record