UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-62095-CIV-DIMITROULEAS/HUNT

LAWANNA TYNES,

Plaintiffs,

vs.

FLORIDA DEPARTMENT OF JUVENILE JUSTICE,

Defendant.
_______________________________________/

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on Defendant's Motion for Bill of Costs, ECF No. 66, and Defendant's Motion for Cost Judgment, ECF No. 69. The Honorable William P. Dimitrouleas referred the instant Motions to the undersigned for appropriate disposition. ECF Nos. 68; 70; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Having carefully reviewed the Motion, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby recommends that both Motions be GRANTED for the reasons outlined below.

**BACKGROUND**

Defendant Florida Department of Juvenile Justice ("Defendant") prevailed on summary judgment against Plaintiff Lawanna Tynes ("Plaintiff") in this action. ECF No. 63. Following entry of a final judgment in its favor, ECF No. 64, Defendant now seeks costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, S.D. Fla. L.R. 7.3(c), and 28 U.S.C. §§ 1821, 1920, and 1988. ECF Nos. 66; 67. Defendant also moved for entry of a cost judgment. ECF No. 69. Plaintiff opposes. ECF No. 71.

## DISCUSSION

There is no dispute that Defendant, the prevailing party, is entitled to costs. As to the amount, Defendant seeks an award of $2,702.95 in costs recoverable under 28 U.S.C. §§ 1821, 1920, and 1988, consisting of:

- $2,272.95 for transcript fees
- $330.00 for service of summons and subpoena
- $60.00 in copying fees
- $40.00 in witness fees

*See* ECF No. 66.

### A. Untimely Response

As an initial matter, Defendant argues that "Plaintiff failed to timely respond or object to Defendant's Bill of Costs." ECF No. 72 at 1. Defendant correctly points out that the deadline to respond to the Motion passed on February 20, 2026, yet Plaintiff did not file a response to the Motion for Bill of Costs until March 18, 2026—nearly a month after the response deadline. Thus, Defendant requests that "Plaintiff's untimely [opposition] should be stricken and should not be considered by the Court." *Id.* at 2.

The Local Rules require that "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion." S.D. Fla. L.R. 7.1(c)(1). "Failure to do so may be deemed sufficient cause for granting the motion by default." *Id.* Thus, both Motions could be granted by default.

However, the Court has "broad discretion" in striking untimely response papers and "will dispose of a controversy on its merits where possible." *Lozman v. City of Riviera Beach*, No. 08-80134-CIV-HURLEY/HOPKINS, 2017 WL 11680192, at *1 (S.D. Fla. July 20, 2017), *report and recommendation adopted*, No. 08-80134-CIV-HURLEY/HOPKINS, 2017 WL 11680193 (S.D. Fla. Aug. 9, 2017). The undersigned notes that while Plaintiff's

opposition was an untimely response to Defendant's Motion for Bill of Costs, ECF No. 66, it was a timely response to Defendant's Motion for Cost Judgment, ECF No. 69, which is related. And, at any rate, there was little to no prejudice caused by the untimely filing because Defendant submitted a reply. For the sake of completeness, the undersigned shall address Plaintiff's arguments in opposition.

**B. Motion for Bill of Costs**

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). The Court may tax costs for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The burden is initially on the prevailing party to "submit[] a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)). But in challenging those costs, "the losing party bears the burden of

demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

**1. Transcript Costs**

Defendant seeks $2,272.95 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Those fees include "court reporter fees and transcript costs associated with depositions." ECF No. 67. Plaintiff does not object to the broad category of court reporter fees or transcript costs, but Plaintiff generally objects to any costs incurred during the depositions of Glady Negron, Roger M. Gorden, and Ariane Clerveau Beauboeuf. ECF No. 71 at 1-2. The amount incurred for the depositions of those witnesses is $793.10, which is documented in a supporting invoice. ECF Nos. 66-1 at 1; 66-2 at 1.

"The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000) (internal quotation and citation omitted). "Necessity is assessed as of the time the deposition was taken, need only reasonably have appeared necessary then, and the challenging party bears the burden of showing the deposition was unrelated to an issue in the case." *Harrington v. Veritext, LLC*, No. 24-22787-CIV-ELFENBEIN, 2026 WL 2065076, at *6 (S.D. Fla. July 17, 2026). In addition, "[n]umerous courts have ruled that court reporter appearance fees are properly taxable as costs." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (collecting cases).

Plaintiff argues that the depositions of Negron, Gordon, and Beauboeuf were not necessary because their testimony was "not used in any of the materials filed in support of the Motion for Summary Judgment" and "[t]his [d]eposition was not cleared with the undersigned counsel and nobody from this office was even able to attend this unilaterally scheduled deposition." ECF No. 71 at 1–2. That argument fails to convince. For starters, it was Plaintiff's own Initial Disclosures that identified these three witnesses as individuals who are likely to have discoverable information in this litigation. *See* ECF No. 72-1 at 6–7. The fact that Defendant declined to use that testimony at the summary judgment stage does not render those depositions unnecessary at the time they were taken. *See Patsalides v. City of Fort Pierce*, No. 15-14431-CIV-GRAHAM/MAYNARD, 2017 WL 10402989, at *6 (S.D. Fla. Sept. 20, 2017) ("Although use of a deposition at trial or in a summary judgment motion tends to show that the deposition was necessarily obtained for use in a case, such a showing is not necessary to be taxable."), *report and recommendation adopted*, No. 15-14431-CIV-GRAHAM/MAYNARD, 2017 WL 10402991 (S.D. Fla. Nov. 22, 2017). As to the argument about the unilateral scheduling of depositions, Defendant represents that was due to a change in Plaintiff's counsel and despite good-faith scheduling efforts. *See* ECF No. 72 at 3 n.1. Altogether, Plaintiff fails to show that these depositions were unnecessary, so Defendant should be allowed to tax its full amount of court reporter and transcript costs.

**2. Service of Process Costs**

Defendant seeks $330.00 in private process server fees, which were accumulated while serving documents on witnesses Negron, Gordon, and Beauboeuf. ECF No. 66-1. Defendant submitted five different invoices to support this costs request. ECF No. 66-2

at 2-6. As explained above, the undersigned rejects Plaintiff's argument that the costs associated with these witnesses were unnecessary. Plaintiff fails to raise any other argument pertaining to these service of process costs.

The costs of service are routine expenses in litigation and compensable under 28 U.S.C. § 1920. When a Plaintiff uses a private process server such costs are recoverable "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *EEOC v. W & O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000). The current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). As Defendant requested between $45.00 and $65.00 for each service of process charge, it complies with the statutory limit and the full amount of these service fees should be awarded under 28 U.S.C. § 1920(1).

**3. Copying Fees**

Defendant seeks $60.00 for money paid to Plaintiff's physician for the purpose of obtaining copies of Plaintiff's medical records. ECF No. 66-2 at 9. Plaintiff objects, asserting that "[t]hese records were not relevant to any of the issues in this case and were not used at all in the Motion for Summary Judgment filed in this matter." ECF No. 71 at 1. Defendant argues that it obtained medical records "to investigate the veracity of the Plaintiff's alleged claims for compensatory damages." ECF No. 72 at 2. To that point, Plaintiff sought "economic damages, non-economic damages, punitive damages, injunctive relief, front pay and back pay" throughout this employment discrimination lawsuit. ECF No. 63 at 5. Such damages included "emotional pain, suffering,

inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial." ECF No. 1 af 10.

Copying costs are compensable "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). When "evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623. It is not a prerequisite that the party actually have used the copy for that copying to be necessary. *See id.* "In a discrimination case, medical records are necessarily obtained for use in the case when the records either support or defend against a claim of discrimination or damages caused by the discrimination." *Jan. v. Outokumpu Stainless USA, LLC*, No. CV 15-00040-CG-C, 2016 WL 6134537, at *3 (S.D. Ala. Oct. 19, 2016) (allowing defendant to tax $72.00 in fees relating to medical record copies). As the medical records obtained in this case could have plausibly supported or refuted Plaintiff's damage claims, they were reasonably necessary. Plaintiff fails to show otherwise. Defendant should be awarded $60.00 for copying costs under 28 U.S.C. § 1920(4).

**4. Witness Fees**

Finally, Defendant seeks $40.00 for a witness fee, related to the deposition of Ms. Beauboeuf. As stated above, the undersigned rejects Plaintiff's arguments as to the unnecessity of this witness deposition. "Section 1920(3) allows for the recovery of witness fees." *White v. Creative Hairdressers, Inc.*, No. 11-60723-CIV-MARTINEZ/MCALILEY, 2013 WL 12140370, at *3 (S.D. Fla. July 15, 2013), *report and recommendation adopted*, No. 11-60723-CIV-MARTINEZ/MCALILEY, 2013 WL 12142368 (S.D. Fla. Aug. 22, 2013). "Witness fees are set by 28 U.S.C. § 1821, which

provides that a witness shall be paid, *inter alia*, an attendance fee," which is "limited to no more than $40 per day." *Id.* Defendant should be reimbursed its requested $40.00.

In sum, Defendant should be awarded the full amount of its request. Defendant should be allowed to tax costs of $2,702.95, consisting of $2,272.95 in transcript fees, $330.00 in service fees, $60.00 in copying fees, and $40.00 in witness fees.

**RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Defendant's Motion for Bill of Costs, ECF No. 66, be GRANTED, and that Defendant's Motion for Cost Judgment, ECF No. 69, be GRANTED. Defendant should be awarded a total costs award of $2,702.95.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 29th day of July 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record